UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHAWN FRANCIS TRENCH,

    Petitioner,

v.                                      Case No.  5:12cv271/RS/CJK

MICHAEL D. CREWS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

      Before the court is a second amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 26).  Respondent filed an answer, submitting relevant portions of the state court record.  (Doc. 28).  Petitioner has not replied although invited to do so.  (Doc. 30).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court show that petitioner is not entitled to federal habeas relief, and that the second amended petition should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

On November 9, 2009, petitioner was charged in Bay County Circuit Court Case Numbers 09-CF-3600 and 09-CF-3601, with two counts of Doctor Shopping and two counts of Obtaining a Prescription by Fraud. (Doc. 28, Ex. B). Petitioner's appointed counsel was Assistant Public Defender Matthew Meredith. (Doc. 26, p. 17; Doc. 28, Ex. A). By Information filed February 23, 2010, petitioner's two criminal cases were consolidated into Case Number 09-CF-3600, and the counts were consolidated into one count of Doctor Shopping. (Doc. 28, Ex. D).[1] For approximately one year the parties conducted discovery and appeared for several pre-trial conferences. (Ex. A). On January 13, 2011, the court set petitioner's case for trial on March 28, 2011. (*Id.*). On March 23, 2011, the court, upon defense motion, continued the trial and scheduled the case for arraignment on April 12, 2011. (*Id.*). Petitioner retained the services of Steven Meadows, Esq., on April 8, 2011. (Doc. 26, p. 19). Attorney Meadows appeared on petitioner's behalf at the April 12, 2011 plea hearing. (Doc. 26, p. 19; Doc. 28, Ex. A). That same date, petitioner executed a written plea agreement titled "Plea, Waiver And Consent," in which petitioner agreed to plead no contest to the Doctor Shopping count as charged, in exchange for a sentence of five years on drug offender probation. (Doc. 28, Ex. E). The statutory maximum for petitioner's offense was five years in prison. (*Id.*). The parties informed the court of their plea agreement, and the court conducted a searching inquiry of counsel and petitioner concerning the circumstances of petitioner's plea, the terms of the negotiated sentence, petitioner's understanding of the plea and its

---

[1] Hereafter, all references to exhibits are to those provided at Doc. 28, unless otherwise noted.

consequences, and the voluntariness of petitioner's decision. (Ex. F). The trial court accepted petitioner's plea after determining it was given freely and intelligently, and after providing petitioner a final opportunity to change his mind. (*Id*.). Petitioner confirmed his desire to enter the negotiated plea. (*Id*., p. 10). Petitioner was adjudicated guilty and sentenced to five years on drug offender probation. (*Id*.; *see also* Exs. G, I). Judgment was rendered April 12, 2011. (Ex. G). An order placing petitioner on probation was entered April 26, 2011, nunc pro tunc to April 12, 2011. (Ex. O). Petitioner did not appeal. (Doc. 26, p. 1).

On April 26, 2011, the Department of Corrections filed a violation report and an affidavit of violation of probation alleging petitioner violated Condition 5 of his probation. (Exs. M, N). Condition 5 provided: "You will live without violating any law. A conviction in a court of law is not necessary for such a violation of law to constitute a violation of your probation, community control, or any other form of court ordered supervision." (Ex. O). The violation affidavit alleged that petitioner violated Condition 5 in that petitioner was arrested on April 19, 2011, for committing the new offense of Knowingly Driving While License Suspended, Cancelled Or Revoked. (Ex. M).

On June 15, 2011, petitioner, represented by Attorney Meadows, executed a "Violation of Probation/Community Control Plea," in which petitioner admitted the probation violation with the understanding that he would be sentenced to 24 months in prison with no further supervision, and receive 90 day of jail credit. (Ex. T). A violation of probation (VOP) plea hearing was held on June 15, 2011. (Ex. U). The court accepted petitioner's plea after determining it was given freely and voluntarily. (*Id*.). Petitioner was adjudicated guilty of the probation violation and sentenced to

24 months in prison with 90 days jail credit.  (Exs. U, X).  Judgment was rendered June 15, 2011.  (Ex. X).  An order revoking petitioner's probation was entered July 11, 2011, nunc pro tunc to June 15, 2011.  (Ex. Y).  Petitioner did not appeal.

On August 10, 2011, petitioner filed a motion to mitigate sentence under Florida Rule of Criminal Procedure 3.800(c), which he later amended.  (Exs. Z, AA).  The trial court denied the motion on October 6, 2011.  (Ex. BB).

On December 7, 2011, petitioner filed a motion for belated plea withdrawal under Florida Rule of Criminal Procedure 3.171 (Ex. DD), a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 raising fifteen claims (Ex. EE) and a motion to disqualify the judge assigned to his case – Judge James Fensom (Ex. FF).  Petitioner filed an "addendum" on December 16, 2011, which added documentary exhibits.  (Ex. HH).

On January 9, 2012, the circuit court denied petitioner's motion for disqualification.  (Ex. JJ).  On February 1, 2012, the circuit court entered an order striking petitioner's Rule 3.850 motion with leave to amend, finding that "at least one of the Defendant's claims is facially insufficient."  (Ex. LL).  Petitioner was provided thirty days to file an amended Rule 3.850 motion.  (*Id*.).  Also on February 1, 2012, the court denied as untimely petitioner's motion to withdraw plea.  (Ex. MM). Petitioner filed a motion for clarification of the order striking his Rule 3.850 motion, asking the court to identify those claims that were facially insufficient.  (Ex. NN). Before the court ruled on the motion for clarification, petitioner filed an amended Rule 3.850 motion on March 1, 2012, asserting he was innocent of the Drug Shopping charge and that the State failed to disclose exculpatory evidence.  (Ex. PP).

Petitioner filed an "addendum" on March 16, 2012, which added documentary exhibits. (Ex. VV).

On May 25, 2012, the circuit court entered an "Order on Motion to Clarify Order" which provided, in relevant part:

> Defendant's claims in grounds 2, 3, and 6-15 of his original motion are facially insufficient. Defendant's Amended Motion, which was filed March 5, 2012, is also facially insufficient. Defendant should be given an opportunity to amend his claims pursuant to *Spera v. State*, 971 So. 2d 754 (Fla. 2007), before this Court takes any further action on his Rule 3.850 motion. *See Nelson v. State*, 977 So.2d 710 (Fla. 1st DCA 2008) ("Spera does not impose on trial courts or court personnel the nearly impossible burden to provide legal guidance or 'suggestions' to help the defendant file sufficient 'good faith' claims or explain why the claims are insufficient or how to cure the insufficiency.").

(Ex. WW). The court provided petitioner thirty days to file an amended Rule 3.850 motion. (*Id*.). The same date, the court issued an order striking petitioner's amended Rule 3.850 motion with leave to amend as follows:

> The Defendant has filed the instant Rule 3.850 motion claiming one ground for relief. As Defendant's claim is facially insufficient he should be given an opportunity to amend his claim pursuant to *Spera v. State*, 971 So.2d 754 (Fla. 2007), before this Court takes any further action on his Rule 3.850 motion.

(Ex. XX). The court provided petitioner thirty days to file an amended Rule 3.850 motion. (*Id*.). Petitioner did not file an amended motion and took no further steps to pursue his postconviction proceeding. (Ex. A). No further orders were entered on petitioner's Rule 3.850 motion. (*Id*.).

Petitioner initiated this federal habeas proceeding on August 9, 2012. (Doc. 1, p. 1). Thereafter, petitioner retained counsel on May 15, 2013, and twice amended his petition. (Docs. 24, 26). Petitioner's second amended petition, which is the

operative pleading, raises one ground for relief: "Initial And Subsequent Trial Counsels' Overall Representation Constituted Ineffective Assistance Of Counsel In Violation Of Mr. Trench's Sixth Amendment Rights." (Doc. 26, p. 21). Petitioner's claim is divided into four sub-claims: (1) petitioner's initial trial counsel (Assistant Public Defender Meredith) and subsequent trial counsel (Attorney Meadows) failed to move to suppress evidence on the Doctor Shopping charge; (2) Attorney Meadows failed to adequately prepare for the plea hearing on the Doctor Shopping charge and failed to conduct a meaningful investigation of the charge (sub-part one), and Attorney Meadows coerced petitioner into admitting the VOP violation (sub-part two); (3) Attorney Meadows failed to move for disqualification of Judge Fensom in the VOP proceeding; and (4) Attorney Meadows failed to object to petitioner's sentence of drug offender probation on the Doctor Shopping charge. (Doc. 26, pp. 21-37). Although petitioner argues that the deferential § 2254(d) standard of review applies to his claims, he also explains that he did not fully exhaust his state remedies with respect to any of his claims because although he raised each issue in his Rule 3.850 proceeding, the motions were stricken with leave to amend and petitioner had "[n]o right to appeal stricken petition." (*Id.*, pp. 5-11).

Respondent asserts a procedural default defense, arguing that petitioner abandoned his Rule 3.850 proceeding and, because petitioner is barred by state procedural rules from returning to state court to exhaust his claims, petitioner's claims are procedurally defaulted for purposes of federal habeas review. (Doc. 28, pp. 6-10). Respondent asserts that even if petitioner's claims could be considered by this court, relief should be denied because they are wholly devoid of merit. (*Id.*, pp. 10-19).

Page 7 of 12

## RESPONDENT'S PROCEDURAL DEFAULT DEFENSE

"A state prisoner is ordinarily not able to obtain a writ of habeas corpus from a federal court unless he has exhausted the remedies available in the courts of the state." *Henderson v. Campbell*, 353 F.3d 880, 896 (11th Cir. 2003); 28 U.S.C. § 2254(b)(1).[2] The habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard v. Connor*, 404 U.S. 270, 277-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). "A claim is procedurally defaulted for the purposes of federal habeas review where 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims

---

[2] Section 2254 provides, in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i)  there is an absence of available State corrective process; or

        (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

. . . .

(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

procedurally barred.'" *Henderson*, 353 F.3d at 896 (*quoting Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S. Ct. 2546, 2557 n. 1, 115 L. Ed. 2d 640 (1991)).

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*quoting Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*.

Respondent asserts that even if petitioner raised his claims in his Rule 3.850 proceeding as he says he did, he abandoned that proceeding and thereby failed to satisfy § 2254's exhaustion requirement. (Doc. 28, p. 9 (*citing Williams v. State*, 24 So. 3d 1252 (Fla. 1st DCA 2009)). Respondent asserts that petitioner is barred by state procedural rules (Rule 3.850(b)'s two-year time limitation and Florida's bar on

successive petitions) from returning to state court to properly exhaust his claims, rendering them procedurally defaulted for purposes of federal habeas review. (Doc. 28, pp. 9-10).

Petitioner, who is represented by counsel, has not responded to respondent's procedural default argument despite being invited to do so. (Doc. 30). Petitioner's second amended petition appears to acknowledge petitioner's failure to exhaust his state remedies through one complete round of Florida's appellate review process, offering this explanation: "No right to appeal stricken petition." (Doc. 26, pp. 5-11). Petitioner suggests that his failure to exhaust is due to the fact that in Florida, a circuit court's order striking a postconviction motion with leave to amend is not a final or appealable order. Petitioner wholly fails to address his failure to pursue his postconviction motion in the state <u>circuit</u> court. Petitioner does not take issue with respondent's assertion that he abandoned his postconviction motion and is now barred by state procedural rules from completing the State's corrective process under Rule 3.850.

The record establishes (and the parties do not dispute) that petitioner's amended Rule 3.850 motion was stricken with leave to amend within thirty days, and that petitioner did not timely amend his claims or pursue them further in state court. (Doc. 26, pp. 4-11; Doc. 28, pp. 3, 9-10). More than two years has passed since petitioner's judgment and sentence became final. *See* Fla. R. Crim. P. 3.850(b) (providing that "[n]o other motion shall be filed or considered pursuant to ths rule if filed more than 2 years after the judgment and sentence become final . . ."). Petitioner's abandoning his Rule 3.850 proceeding and allowing the state limitations period to pass constitutes a failure to exhaust available state remedies under §

2254(b). *See Williams v. State, supra*; *Bergeron v. State*, 105 So. 3d 667, 667 (Fla. 4th DCA 2013) (holding that petitioner's failure to timely amend his claim, as permitted by the state circuit court, rendered the claim abandoned); *Booker v. State*, 969 So.2d 186, 194-95 (Fla. 2007) (reiterating Florida's well-established rule that "[w]hen a defendant fails to pursue an issue during proceedings before the trial court, and then attempts to present that issue on appeal, th[e] [appellate] [c]ourt deems the claim to have been abandoned or waived"; holding that four of defendant's postconviction claims were abandoned or waived where, although defendant attempted to raise the claims in his initial postconviction motion, they were insufficiently pled, defendant did not thereafter raise or argue the issues or request leave to amend those claims, and defendant failed to reassert the claims in the amendment he did file: "We conclude that [the defendant] completely failed to pursue these claims in the proceedings before the trial court, and, therefore, they have been abandoned."); *cf. Richardson v. State*, 437 So. 2d 1091, 1094 (Fla. 1983) ("We note also that appellant did not pursue his motion to strike even though the judge did not rule on the motion. Under these circumstances, appellant has not preserved the issue for appeal."); *Argo v. Secretary*, No. 8:05cv1964-T-33EAJ, 2010 WL 3222064, at *7 (M.D. Fla. Aug. 16, 2010) (finding claim procedurally barred by petitioner's failure to pursue it in state court; "The allegations were not specifically addressed by the postconviction court because it appears [the petitioner] abandoned this claim by not proceeding with his motion . . . after he was given an opportunity to do so.").

Petitioner's failure to properly exhaust renders his claims procedurally defaulted for purposes of federal habeas review. Petitioner has made none of the

requisite showings to excuse his procedural default.[3]  Petitioner's procedural default bars federal habeas review of his claims.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

---

[3] Petitioner's second amended petition does not show cause and prejudice, and does not provide new reliable evidence that petitioner did not engage in the conduct underlying his criminal conviction and probation violation.

*Case No: 5:12cv271/RS/CJK*

Accordingly, it is respectfully RECOMMENDED:

1. That the second amended petition for writ of habeas corpus (doc. 26), challenging the judgment of conviction and sentence in *State of Florida v. Shawn Francis Trench*, Bay County, Florida, Circuit Court Case Number 09-CF-3600 and consolidated Case Number 09-CF-3601, be DENIED, and the clerk be directed to close the file.

2. That a certificate of appealability be DENIED.

At Pensacola, Florida this 30th day of September, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).